Dean A. Reeves (# 150558)
  dreeves@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger to Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB and World
Savings Bank, FSB, and GOLDEN
WEST SAVINGS ASSOCIATION
SERVICE, CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TONY DELGADILLO, an individual,<br><br>       Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A., a National Association; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., a California corporation, RTS PACIFIC, INC., a Washington corporation, and Does 1 through 10, inclusive;<br><br>       Defendants. | CASE NO.: 8:15-cv-00012-JLS-(JCGx)<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>Date:  March 13, 2015<br>Time:  2:30 p.m.<br>Ctrm:  10-A<br><br>*[Assigned to the Hon. Josephine L. Staton]* |

**TO PLAINTIFF, THROUGH HIS ATTORNEY OF RECORD:**

    **PLEASE TAKE NOTICE** that on March 13, 2015, at 2:30 p.m., in

Courtroom 10-A of the above-entitled court, located at 411 West Fourth Street,

Santa Ana, California 92701, defendants Wells Fargo Bank N.A., successor by

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia

2   Mortgage FSB, formerly known as World Savings Bank, FSB ("Wells Fargo"),

3   and Golden West Savings Association Service, Co. ("Golden West"), will move

4   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order

5   dismissing the first through tenth claims for relief in the complaint.

6       Grounds for the motion to dismiss are:

7       1.   <u>First Claim for Relief:  Violation of California Homeowners' Bill</u>

8           <u>of Rights</u>

9       Plaintiff fails to state a claim for relief for "violation of California

10   Homeowners Bill of Rights" because: (i) Plaintiff fails to allege a factual or legal

11   basis for the claim; (ii) the claim is not pled with adequacy or particularity; (iii)

12   Plaintiff fails to plead the required elements; and (iv) Plaintiff fails to plead facts

13   sufficient to constitute a claim upon which relief can be granted.

14       2.   <u>Second Claim for Relief:  Wrongful Foreclosure</u>

15       Plaintiff fails to state a claim for relief for "wrongful foreclosure" because:

16   (i) Plaintiff fails to allege a factual or legal basis for the claim; (ii) the claim is not

17   pled with adequacy or particularity; (iii) Plaintiff fails to plead the required

18   elements; and (iv) Plaintiff fails to plead facts sufficient to constitute a claim upon

19   which relief can be granted.

20       3.   <u>Third Claim for Relief:  Quiet Title</u>

21       Plaintiff fails to state a claim for relief for "quiet title" because:  (i) Plaintiff

22   fails to allege a factual or legal basis for the claim; (ii) the claim is not pled with

23   adequacy or particularity; (iii) Plaintiff fails to plead the required elements; and

24   (iv) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief

25   can be granted.

26       4.   <u>Fourth Claim for Relief:  Intentional Misrepresentation</u>

27       Plaintiff fails to state a claim for relief for "intentional misrepresentation"

28   because:  (i) Plaintiff fails to plead a false representation of a past or existing

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  material fact; (ii) Plaintiff fails to plead the required elements and with the required

2  specificity; (iii) there is no actual reliance by Plaintiff; and (iv) Plaintiff fails to

3  plead facts sufficient to constitute a claim upon which relief can be granted.

4       5.  <u>Fifth Claim for Relief:  Negligent Misrepresentation</u>

5       Plaintiff fails to state a claim for relief for "negligent misrepresentation"

6  because:  (i) Plaintiff fails to plead a false representation of a past or existing

7  material fact; (ii) Plaintiff fails to plead the required elements and with the required

8  specificity; (iii) there is no actual reliance by Plaintiff; and (iv) Plaintiff fails to

9  plead facts sufficient to constitute a claim upon which relief can be granted.

10       6.  <u>Sixth Claim for Relief:  Breach of Contract</u>

11       Plaintiff fails to state a claim for relief for "breach of contract" because:

12  (i) Plaintiff fails to allege a factual or legal basis for the claim; (ii) the claim is not

13  pled with adequacy or particularity; (iii) Plaintiff fails to plead the required

14  elements; and (iv) Plaintiff fails to plead facts sufficient to constitute a claim upon

15  which relief can be granted.

16       7.  <u>Seventh Claim for Relief:  Breach of the Covenant of Good</u>

17          <u>and Fair Dealing</u>

18       Plaintiff fails to state a claim for relief for "breach of the covenant of good

19  and fair dealing" because:  (i) Plaintiff has not alleged her performance under the

20  Note and Deed of Trust or any excuse for non-performance; (ii) Plaintiff has not

21  identified any provisions of the Note or Deed of Trust that were allegedly

22  frustrated; (iii) Plaintiff fails to plead the required elements; and (iv) Plaintiff fails

23  to plead facts sufficient to constitute a cause of action.

24       8.  <u>Eight Claim for Relief:  Violation of Real Estate Settlement</u>

25          <u>Procedures Act</u>

26       Plaintiff fails to state a claim for relief for "violation of the Real Estate

27  Settlement Procedures Act" because:  (i) Plaintiff fails to allege a factual or legal

28  basis for the claim; (ii) the claim is not pled with adequacy or particularity;

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  (iii) Plaintiff fails to plead the required elements; and (iv) Plaintiff fails to plead

2  facts sufficient to constitute a claim upon which relief can be granted.

3       9.      Ninth Claim for Relief:  Violation of Business & Professions

4               Code § 17200

5       Plaintiff fails to state a claim for relief for "violation of Business &

6  Professions Code § 17200" because:  (i) Plaintiff fails to plead particular facts

7  showing ongoing unlawful, unfair, and fraudulent business acts by Wells Fargo;

8  and (ii) Plaintiff lacks standing because he failed to plead injury in fact or that he

9  lost money or property resulting from any actions of Wells Fargo in violation of

10  the Unfair Competition Law.

11      10.     Tenth Claim for Relief:  Fraud

12      Plaintiff fails to state a claim for relief for "fraud" because:  (i) Plaintiff fails

13  to plead a false representation of a past or existing material fact; (ii) Plaintiff fails

14  to plead the required elements and with the required specificity; (iii) there is no

15  actual reliance by Plaintiff; and (iv) Plaintiff fails to plead facts sufficient to

16  constitute a claim upon which relief can be granted.

17      This Motion is based on this notice, the memorandum of points and

18  authorities, the Request for Judicial Notice, the Complaint, and on Wells Fargo's

19  argument at the hearing.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **Compliance with Local Rule 7-3.**   This motion is made following the

2    defendant's counsel's attempt to meet and confer with the plaintiff's counsel

3    pursuant to L.R. 7-3.   On January 7, 2015, the defendant's counsel's contacted the

4    plaintiff's counsel by telephone and left a message requesting a conference to

5    discuss the instant motion.   However, Plaintiff's counsel did not return the

6    telephone call, therefore, the parties were unable to resolve the issues raised by this

7    motion.

8    Respectfully submitted,

9    Dated:  January 13, 2015

10   ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP

11

12   By:  _____ /s/ *Dean A. Reeves* _____

13   Dean A. Reeves
     dreeves@afrct.com

14   Attorneys for Defendant
     WELLS FARGO BANK, N.A., successor

15   by merger to Wells Fargo Bank Southwest,
     N.A., f/k/a Wachovia Mortgage, FSB and

16   World Savings Bank, FSB, and GOLDEN
     WEST SAVINGS ASSOCIATION

17   SERVICE, CO.

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/BR1504/01058216-1

5

CASE NO.: 8:15-CV-00012-JLS (JCGX)
NOTICE OF MOTION AND
MOTION TO DISMISS  COMPLAINT

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...............................................................................1

II.    SUMMARY OF THE COMPLAINT AND JUDICIALLY
       NOTICEABLE DOCUMENTS .........................................................1

III.   LEGAL STANDARD FOR MOTION TO DISMISS .....................2

IV.    PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM FOR
       VIOLATION OF THE HOMEOWNERS' BILL OF RIGHTS....................3

V.     PLAINTIFF'S RELIANCE ON THE PURPORTED TRIAL
       PAYMENT PLAN LETTER FAILS TO SATISFY THE
       PLAUSIBILITY REQUIREMENT FOR ALLEGING A VIABLE
       CLAIM AGAINST WELLS FARGO ...............................................5

VI.    PLAINTIFF HAS FAILED TO PLEAD A CLAIM FOR QUIET
       TITLE ................................................................................................8

VII.   PLAINTIFF HAS IMPROPERLY ATTEMPTED TO ASSERT
       TORT LIABILITY FOR A BREACH OF CONTRACT CLAIM ................9

VIII.  PLAINTIFF HAS FAILED TO PLEAD A VIOLATION OF RESPA ........10

IX.    PLAINTIFF FAILS TO STATE A CLAIM UNDER BUS. & PROF.
       CODE § 17200.................................................................................11

       A.     Plaintiff Has Not Alleged A Violation ................................11

       B.     Plaintiff Lacks Standing To Allege A UCL Claim ............13

X.     CONCLUSION................................................................................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Amerisource Bergen Corp. v. Dialysist West, Inc.,*
    465 F.3d 946 (9th Cir. 2006) ............................................................................14

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................................2, 3

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................2, 3

*Deal v. Countrywide Home Loans, Inc.,*
    2013 U.S. Dist. LEXIS 87090 (N.D. Cal. June 20, 2013)..............................11

*DeLeon v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011) .......................................13

*Guerrero v. Wells Fargo Bank, N.A.,*
    2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ..............................2

*Hamilton v. Bank of Blue Valley,*
    746 F. Supp. 2d 1160 (E.D. Cal. 2010) .................................................9

*Lopez v. Wachovia Mortgage,*
    2009 U.S. Dist. LEXIS 108415 (E.D. Cal. Nov. 20, 2009)..............................11

*Rockridge Trust v. Wells Fargo, N.A.,*
    2014 U.S. Dist. LEXIS 22234 (N.D. Cal. Feb. 19, 2014) ..............................4

*Rosenfeld v. JP Morgan Chase Bank, N.A.,*
    732 F. Supp. 2d 952 (N.D. Cal. 2010).................................................9

*Schneider v. California Dept. of Corrections,*
    151 F.3d 1194 (9th Cir. 1998) .........................................................7

*Slipak v. Bank of Am., N.A.,*
    2011 U.S. Dist. LEXIS 131079 (E.D. Cal. Nov. 10, 2011)..............................12

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) .........................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Taguinod v. World Sav. Bank, FSB,*
    755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010)............................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)..........................7

*Western Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ........................................................................7

**STATE CASES**

*Aas v. Superior Court,*
    24 Cal. 4th 627 (2000) ..................................................................................9

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal. 4th 503 (1994) ..................................................................................10

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999) ................................................................................12

*Daro v. Superior Court,*
    151 Cal. App. 4th 1079 (2007) ...................................................................13

*Hall v. Time, Inc.,*
    158 Cal. App. 4th 847 (2008) .....................................................................12

*Ingels v. Westwood One Broadcasting Services, Inc.,*
    129 Cal. App. 4th 1050 (2005) ...................................................................12

*Jenkins v. JP Morgan Chase Bank, N.A.,*
    216 Cal. App. 4th 497 (2013) .....................................................................13

*Khoury v. Maly's, Inc.,*
    14 Cal. App. 4th 612 (1993) .......................................................................11

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ..............................................................................11

*Kwikset Corp. v. Superior Ct.,*
    51 Cal. 4th 310 (2011) ................................................................................13

*Saunders v. Super. Ct.,*
    27 Cal. App. 4th 832 (1994) .......................................................................12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
    17 Cal. 4th 553 (1998) ................................................................ 12

**FEDERAL STATUTES**

12 U.S.C. § 2605 ............................................................................... 11

12 U.S.C. § 2607 ............................................................................... 11

12 U.S.C. § 2608 ............................................................................... 11

12 U.S.C. § 2614 ............................................................................... 11

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................... 11, 12, 13

Cal. Civ. Code § 2923 .................................................................. 4, 10

Cal. Civ. Code § 2923.5 ................................................................. 3, 4

Cal. Civ. Code § 2923.7 .................................................................... 4

Cal. Civ. Code § 2924 ................................................................... 3, 10

Cal. Civ. Code § 2924.9 .................................................................... 4

Cal. Civ. Code § 2924.10 .................................................................. 4

Cal. Civ. Code § 2924.12(a) ............................................................. 4

Cal. Civ. Code § 2924l(d) ................................................................. 1

**RULES**

Fed. R. Civ. P. 10(c) ......................................................................... 7

Fed. R. Civ. P. 12(b)(6) .................................................................... 7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff brings this action in an apparent attempt to stall a foreclosure that began with a loan default in 2013. This attempt is almost entirely based on Plaintiff's contention that Well Fargo Bank, N.A. ("Wells Fargo"), successor in interest to the original lender, provided him with a Trial Period Plan ("TPP"), that the bank allegedly failed to honor. However, the purported TPP, which is attached as an exhibit to the complaint, is a fabrication, and any claims that are based on the alleged authenticity of this document are simply not plausible. Additionally, Plaintiff's claims for quiet title, unfair competition, misrepresentation, and alleged violations of various statutes, and not adequately pleaded and fail as a matter of law. As further briefed below, the Court should grant the instant motion to dismiss, in its entirety.[1]

### II. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

In November, 2007, Plaintiff obtained a home loan from World Savings Bank, FSB ("World Savings"), for $264,500.00 (the "Loan"). (Request for Judicial Notice ("RJN") Exh. A, Note.) The Loan was secured by and recorded against real property commonly known as 4908 West 5th Street. Apt. A, Santa Ana, California (the "Property"). (RJN Exh. B, Deed of Trust.)

In January 2008, World Savings, changed its name to Wachovia Mortgage, FSB, which then converted and merged with Wells Fargo in November 2009.[2]

---

[1] Defendant Golden West Savings Association Service Co. filed a Declaration of Non-Monetary Status ("DNMS") in the state court on December 15, 2014. Plaintiff failed to file an objection to the DNMS within 15 days from service, therefore, pursuant to Civil Code § 2924l(d), Golden West is no longer required to participate in this litigation, and cannot be subject to any monetary awards.

[2] Reference to Wells Fargo in this motion shall include Wells Fargo Bank, N.A. and the predecessor entities Wachovia Mortgage, FSB and World Savings Bank, FSB.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (RJN Exh. C, D, E, F, G.)  Wells Fargo is the legal successor to World Savings.

2   *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. Dec. 2,

3   2010); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *8

4   (C.D. Cal. Sept. 14, 2010).

5        After Plaintiff defaulted on the Loan by failing to make his payments since

6   July, 2013, on June 3, 2014, Wells Fargo caused a Notice of Default to be recorded

7   reflecting Loan arrears through May 29, 2014, of $13,458.43.  (RJN, Exh. H.)

8   Subsequently, on November 20, 2014, a Notice of Trustee's Sale was recorded

9   setting a sale date of December 12, 2014.  (RJN, Exh. I.)

10  ## III.   LEGAL STANDARD FOR MOTION TO DISMISS

11       Although the complaint need not contain detailed allegations, its "[f]actual

12  allegations must be enough to *raise a right to relief above the speculative level . . .*

13  on the assumption that all the allegations in the complaint are true (even if doubtful

14  in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis

15  added).  In short, it must allege "enough facts to state a claim to relief that is

16  *plausible on its face.*"  *Id. at 570* (emphasis added).  The "plausibility" requirement

17  governs complaints in all federal civil actions.  *Ashcroft v. Iqbal*, 556 U.S. 662,

18  883-884 (2009).

19       In determining the "plausibility" of a complaint, the court must first identify

20  which statements in the complaint are factual allegations and which are legal

21  conclusions.  Courts are not bound to accept as true allegations that are legal

22  conclusions, even if cast in the form of factual allegations. *Id.* at 884.  Second, the

23  court, drawing "on its judicial experience and common sense," must decide in the

24  specific context of the case whether the factual allegations, if assumed true, allege

25  a *plausible* claim. *Id.*  The plausibility standard is *not* the equivalent to a

26  "probability requirement," but requires more than a mere possibility that the

27  defendant has acted unlawfully. *Id.*

28       To establish a "plausible" claim, the complaint must contain "more than

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  labels and conclusions" or "formulaic recitations of the elements of a cause of
2  action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.  "While legal
3  conclusions can provide the framework of a complaint, they must be supported by
4  factual allegations." *Ashcroft v. Iqbal*, 556 U.S. at 884.  Moreover, the factual
5  allegations in the complaint must be sufficient to nudge plaintiffs' "claims across
6  the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
7  at 570.  Under the standards adopted by the Supreme Court, in order to be entitled
8  to the presumption of truth, the complaint "must contain allegations of underlying
9  facts to give *fair notice* and to enable the opposing party to *defend itself*
10  *effectively*." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

11  ## IV.  PLAINTIFF HAS FAILED TO ALLEGE A VIABLE CLAIM FOR
12  VIOLATION OF THE HOMEOWNERS' BILL OF RIGHTS

13       In support of his first claim for relief, Plaintiff makes the extremely broad
14  allegation that "[e]ach and every provision of the Homeowner's Bill of Rights was
15  violated by each all Defendants."  (Comp., ¶ 25.)  This claim is followed up with
16  general and vague assertions that the "Defendants failed to provide the statutory
17  notice required to the homeowner named in the recorded title; failed to provide
18  contact information and; failed to provide the information as to how to cure the
19  default required by statute."  (Comp., ¶ 25.)  Plaintiff fails to include any specific
20  factual allegations.  There is simply no way for Wells Fargo to determine which
21  provisions of the Homeowners' Bill of Rights ("HBOR") were allegedly violated,
22  or what conduct by Wells Fargo allegedly resulted in a violation of the particular
23  statutes at issue.

24       The complaint merely sets forth the language from part of Civil Code
25  § 2923.5, but fails to allege conduct by Wells Fargo that would constitute a
26  violation of this particular statute.[3]  Plaintiff contends that Wells Fargo failed to

27

28  _____
[3] Additionally, Plaintiff's reliance on Civil Code § 2923.5 is misplaced.  The latest
version of this statute, that went into effect on January 1, 2013, only applies to

1    provide him statutory notice, but fails to identify what notice he was supposedly

2    required to receive from the bank.  Similarly, Plaintiff refers to a failure to provide

3    contact information, without stating whose contact information was required to be

4    given, or under which statute compels Wells Fargo to provide such information.

5    Finally, Plaintiff complains that he did not receive information as to how to cure

6    his default.  (Comp., ¶ 25.)  However, the Notice of Default ("NOD") clearly

7    provides that information.  (RJN, Exh. H.)  The NOD set forth the amount that was

8    in arrears on the loan, and provided a name, address and telephone number of the

9    trustee, Regional Service Corporation, to contact in order to arrange payment and

10   stop the foreclosure.

11          The few vague allegations contained in the complaint are insufficient to

12   adequately plead a claim for violation of HBOR against Wells Fargo.  Liability

13   under HBOR, and the ability to obtain injunctive relief, is premised on a "material

14   violation" of the statutes.  Civ. Code § 2924.12(a).  No such material violation has

15   been pleaded in the complaint.  Additionally, as previously noted by the district

16   court, "[i]n order to properly allege a claim under section 2923.7, a plaintiff must

17   allege that a violation of the provision was the cause of actual economic damages."

18   *Rockridge Trust v. Wells Fargo, N.A.*, 2014 U.S. Dist. LEXIS 22234 (N.D. Cal.

19   Feb. 19, 2014).  Yet, Plaintiff has failed to allege how he suffered any damages as

20   a direct result of Wells Fargo's alleged failure to comply with a particular

21   provision in HBOR.  As noted by the court in *Rockridge*, such an allegation is

22   required in order to plead a violation of these statutes.

23   / / /

24   / / /

25

26   _____

27   mortgage servicers that foreclose on 175 or fewer residential real properties within
     a one year period.  Civ. C. §§ 2923.5(g), 2924.18(b).  There cannot be any

28   reasonable claim that Wells Fargo falls within this category, thus Wells Fargo is
     not required to comply with the provisions set forth in Section 2923.5.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

V.   **PLAINTIFF'S RELIANCE ON THE PURPORTED TRIAL PAYMENT PLAN LETTER FAILS TO SATISFY THE PLAUSIBILITY REQUIREMENT FOR ALLEGING A VIABLE CLAIM AGAINST WELLS FARGO**

Plaintiff's claims for wrongful foreclosure (Second Claim), breach of contract (Sixth Claim), breach of the covenant of good faith and fair dealing (Seventh Claim), are all based on Wells Fargo's alleged failure to honor the terms of a purported Trial Period Plan, set forth in a letter to Plaintiff, dated September 1, 2014, and attached to the complaint as Exhibit C. (Comp., ¶¶ 29, 73 and 81.) Plaintiff alleges that he received the TPP from Wells Fargo after he applied for a loan modification in the Spring of 2014. (Comp., ¶¶ 9-10.) Thereafter, Plaintiff alleges that he attempted to submit payments to Wells Fargo pursuant to the TPP, but that these payments were all returned by the bank. (Comp., ¶¶ 11, 13, 15.)

However, from the face of the purported TPP letter it is clear that the document is a forgery, and was not issued to the borrower by Wells Fargo. The issues with the TPP that are evident from even a cursory review are as follows:

    1.     Lack of Wells Fargo letterhead. The TPP letter contains no letterhead with the Wells Fargo logo.

    2.     Loan Number. The loan number that appears twice on the first page is incorrect. The actual number for the plaintiff's loan is 0047672639. (RJN, Exhs. A, B.) The TPP letter omits the last digit for the loan number both times it appears on the letter.

    3.     Wells Fargo's address is incorrect. The address that appears for Wells Fargo at the top of the TPP letter, 616 1st Avenue, Suite 500, Seattle Washington, 98104, does not belong to Wells Fargo. That is the address for the trustee, Regional Trustee Services Corporation. (*See*, Exhs. H, I.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

4.     The purported date of the letter, September 1, 2014, was Labor Day.  This was a national holiday, and Wells Fargo would not have sent out any correspondence to a borrower on this date.

5.     The TPP letter fails to include an address for the borrower.  It simply lists his name.

6.     Grammatical errors throughout.  The TPP letter includes numerous errors in case (upper v. lower), such as a lower case "w" and "ca" for the property address, and misspellings, such as "stiU" instead of still, in the last paragraph.

7.     The telephone number included in the last paragraph "877-496-3138" belongs to Chase Bank, and not Wells Fargo.  Additionally, the string of letters and numbers that follows the telephone number, "e1d3825878," do not make any sense.

8.     The telephone number (206-340-2551) that appears at the end after "Sincerely," and the number (206-340-2550), supposedly belonging to a Wells Fargo representative, actually belong to the trustee, RTS Pacific, Inc.  (RJN, Exh. H.)

9.     On page two, in response to the question about how the payment was determined, the letter states that the TPP payment is approximately 31% of the borrower's gross monthly income, which is stated at $4,465.27.  However, multiplying .31 by 4,465.27, yields a monthly TPP payment of $1,384.23, while the TPP payment that appears on the first page of the letter is $1,084.49, almost $300 less.

10.    On page four, it states that the terms of the TPP become effective if the borrower submits the first payment by December 1, 2014.  However, on the first page of the TPP, it states the first payment is due by October 1, 2014.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   11.   Page five is completely missing.  Also, at the bottom of the first

2   page it indicates that payment coupons were included with the TPP, yet the

3   exhibit attached to the complaint fails to include copies of any such coupons.

4   One or two of the above anomalies may arguably raise an issue of fact,

5   which could not be resolved in the context of a motion to dismiss, however, the

6   nature and breadth of the inconsistencies and inaccuracies set forth above, that are

7   evident from the face of the exhibit, are sufficient to support a conclusion that the

8   TPP relied upon by Plaintiff to support his claims against Wells Fargo is not what

9   it purports to be.

10   In 2007, the Supreme Court explained that in ruling on a Rule 12(b)(6)

11   motion to dismiss, the may consider "other sources . . . in particular, documents

12   incorporated into the complaint by reference, and matters of which a court may

13   take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

14   322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007).  While the court may not

15   generally consider materials outside the pleading when deciding whether a

16   complaint state a plausible claim for relief, it may consider exhibits which are

17   attached.  *See*, Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an

18   exhibit to a pleading is a part of the pleading for all purposes."); *Schneider v.*

19   *California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In the

20   instant case, the exhibit attached to Plaintiff's complaint, and upon which he relies

21   to plead his claims, is not plausible on its face.  Clearly, the court is not required to

22   accept as true for the purposes of Wells Fargo's motion to dismiss, a document

23   whose authenticity fails to survive even the most minimal examination.

24   While it is true that for the purposes of a motion to dismiss, the allegations

25   in the complaint must be accepted as true, conclusions of law, conclusory

26   allegations, unreasonable inferences, or unwarranted deductions of fact need not be

27   accepted. *See, Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

28   Here, the TPP has internal inconstancies and information that is directly

1  contradicted by information set forth in documents subject to judicial notices, such

2  as the Notice of Default and Notice of Trustee's Sale.  Additionally, the validity of

3  the TPP is further questioned by the other exhibits attached to the complaint is

4  which Wells Fargo has returned Plaintiff's payments as insufficient to remedy the

5  default, and letters dated after the TPP indicating that he had submitted a request

6  for mortgage assistance from the bank.  (Comp., Exhs. E, G, H.)[4]

7      Under these circumstances and based on the exhibits attached to the

8  complaint, the existence of a TPP provided to Plaintiff by Wells Fargo is an

9  unreasonable inference and unwarranted deduction of fact.  Therefore, all the claim

10 asserted by Plaintiff in the complaint that rely on the existence of the TPP are

11 simply not plausible, and should be dismissed by the court.

12 **VI.**   **PLAINTIFF HAS FAILED TO PLEAD A CLAIM FOR QUIET**

13        **TITLE**

14      In his third claim, Plaintiff "seeks to quiet title as to all Defendants claiming

15 a legal or equitable interest in the Residence as of the date of the filing of this

16 complaint."  (Comp., ¶ 36.)  Quiet title claims require that five elements be set out

17 in a verified complaint:  (1) a description of the property, both legal description

18 and street address; (2) the title of the plaintiff, and the basis for that title; (3); the

19 adverse claims to the plaintiff's title; (4) the date as of which the determination is

20 sought; and (5) a prayer for the determination of the plaintiff's title against the

21 adverse claims.  Cal. Civ. Proc. § 761.020(a)-(e).

22      Plaintiff's quiet title claim fails as a matter of law because he fails to

23 establish "adverse claims" to his title.  Wells Fargo cannot hold a claim adverse to

24 Plaintiff's title because a deed of trust "carries none of the incidents of ownership

25 _____

26 [4] Additional issues and inconsistencies are evident from Exhibit F attached to
   Plaintiff's Complaint which purports to show payment by Plaintiff under the TPP
27 (Comp., ¶ 13), but is actually a copy of a check from a completely different
   borrower, identified as Nancy Atta, on a different loan no, identified as
28 0019718717.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   of the property, other than the right to convey upon default on the part of the debtor

2   in payment of his debt." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160,

3   1177 (E.D. Cal. 2010).  Further, Plaintiff cannot maintain a claim for quiet title

4   unless he pays off his mortgage.  *See, Rosenfeld v. JP Morgan Chase Bank, N.A.*,

5   732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("A basic requirement of an action to

6   quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e.,

7   that they have satisfied their obligations under the deed of trust.").

8        Finally, Plaintiff's complaint is not verified.  Therefore, Wells Fargo's

9   motion to dismiss this claim should be granted.

10  **VII.  PLAINTIFF HAS IMPROPERLY ATTEMPTED TO ASSERT TORT**

11         **LIABILITY FOR A BREACH OF CONTRACT CLAIM**

12       Plaintiff has attempted to recast his breach of contract claim in an effort to

13  plead various tort claims against Wells Fargo.  At its onset, Plaintiff's claims for

14  intentional misrepresentation (Fourth Claim), negligent misrepresentation (Fifth

15  Claim), and fraud (Tenth Claim), are procedurally defective.  The Supreme Court

16  has ruled a contract claim cannot be converted into a tort.  The same conduct

17  cannot be the basis for both a breach of contract claim and a tort claim.  As the

18  court stated in *Aas v. Superior Court*, 24 Cal. 4th 627 (2000):

19         A person may not ordinarily recover in tort for breach of duties

20         that merely restate contractual obligations. Instead, '[c]ourts

21         will generally enforce the breach of a contractual promise

22         through contract law, except when the actions that constitute the

23         breach violate a social policy that merits the imposition of tort

24         remedies.'

25       *Id*. at 643.  The tort claim asserted in the complaint are nothing more than a

26  restatement of the breach of contract claim set forth in Plaintiff's Sixth Claim for

27  Relief.  Plaintiff cannot recast a contractual allegation as a tort even if a breach was

28  negligent, fraudulent, or willfully malicious.  Without acts that are independently

*Left margin (vertical):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  tortious, no tort arises from a breach of contract.  *Applied Equipment Corp. v.*

2  *Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515-516 (1994).  These claims for fraud

3  and misrepresentation are not independently tortious.  Instead, these claims are

4  essentially identical to the contract claim.

5      A breach of contract, even if the breach is negligent, fraudulent, or willfully

6  malicious, does not mutate into a tort claim.  In support of his claims for

7  intentional and negligent misrepresentation, Plaintiff alleges that Wells Fargo

8  "intentionally and unilaterally voided the approved loan modification plan without

9  any notice to [Plaintiff]."  (Comp., ¶¶ 47, 64.)  Additionally, Plaintiff contends that

10  he "relied on [Wells Fargo's] written statements in the September 1, 2014

11  agreement.  (Comp., ¶¶ 50, 67.)  Similarly, Plaintiff's fraud claim is based on the

12  existence of the TPP, and the allegation that Wells Fargo "suddenly terminated the

13  trial loan modification plan prior to its expiration and based upon no fault of

14  [Plaintiff]."  (Comp., ¶ 102.)

15      As with the breach of contract claim, Plaintiff's misrepresentation and fraud

16  claims are based on the allegation that Wells Fargo failed to comply with the terms

17  of the purported TPP.  Plaintiff simply fails to plead any independent basis for a

18  tort claim.  Therefore, given that Plaintiff is relying on the same factual allegations

19  asserted in his breach of contract claim to support his claims for misrepresentation

20  and fraud, these tort claims must fail.

21  **VIII.  PLAINTIFF HAS FAILED TO PLEAD A VIOLATION OF RESPA**

22      Plaintiff alleges that Wells Fargo violated the Real Estate Settlement

23  Procedures Act ("RESPA") by failing to comply with the requirements set forth in

24  Civil Code §§ 2923 and 2924, failing to provide a loan modification trial period,

25  failing to comply with unspecified modification procedures, and failing to provide

26  unspecified statutory notices.  (Comp., ¶ 88.)  These vague assertions fail to state a

27  claim under RESPA.

28      RESPA creates a private right of action for three categories of wrongful acts:

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (1) payment of a kickback and unearned fees for real estate settlement services, 12

2   U.S.C. § 2607; (2) requiring a buyer to use a title insurer selected by the seller, 12

3   U.S.C. § 2608; and (3) the failure by a loan servicer to give proper notice of a

4   transfer of servicing rights or to respond to a qualified written request for

5   information about a loan, 12 U.S.C. § 2605. *Deal v. Countrywide Home Loans,*

6   *Inc.*, 2013 U.S. Dist. LEXIS 87090 (N.D. Cal. June 20, 2013); *see also, Lopez v.*

7   *Wachovia Mortgage*, 2009 U.S. Dist. LEXIS 108415 (E.D. Cal. Nov. 20, 2009).

8   Claims brought under Section 2607 or 2608 are subject to a one-year statute of

9   limitations, while claims brought under Section 2605 are subject to a three-year

10  statute of limitations, each of which begins to run when the violation occurs.  12

11  U.S.C. § 2614.

12          Plaintiff's allegations do not fit within any of these three categories.

13  Therefore, Plaintiff fails to allege facts stating a RESPA claim.  Moreover, as

14  noted above, Plaintiff's loan was obtained from Wells Fargo's predecessor in

15  November, 2007.  (RJN, Exh. A.)  As a result, Plaintiffs' RESPA claim is barred

16  by the statute of limitations.  Plaintiff has failed to allege any fact that would

17  justify any equitable tolling of the applicable statute of limitations.  Thus, this

18  claim is time-barred, and should be dismissed.

19  **IX.   PLAINTIFF FAILS TO STATE A CLAIM UNDER BUS. & PROF.**

20       **CODE § 17200**

21       **A.   Plaintiff Has Not Alleged A Violation**

22          Plaintiff fails to allege a violation of the Unfair Competition Law, Business

23  & Professions Code § 17200, *et seq.* ("UCL").  A UCL claim must state with

24  reasonable particularity the facts supporting the elements of the alleged violation.

25  *Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  It requires an allegation

26  of particular facts showing ongoing unlawful, unfair, and fraudulent business acts

27  on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

28  4th 1134, 1143 (2003); *Khoury*, 14 Cal. App. 4th at 619.  Further, a UCL claim

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  "cannot be used to state a cause of action the gist of which is absolutely barred

2  under some other principle of law." *Stop Youth Addiction, Inc. v. Lucky Stores,*

3  *Inc.*, 17 Cal. 4th 553, 566 (1998).

4  The UCL precludes any unlawful, unfair, or fraudulent business act or

5  practice.  The "unlawful" prong of the UCL applies where a practice is "forbidden

6  by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or

7  court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994)

8  (citation omitted).  The "unfair" prong applies when the practice at issue allegedly

9  violates "the policy or spirit of [anti-trust] laws because its effects are comparable

10 to a violation of the law, or that otherwise significantly threatens or harms

11 competition." *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163,

12 187 (1999).  The "fraudulent" prong, post-enactment of Proposition 64, applies

13 where a business act or practice actually misleads a plaintiff.  *See Hall v. Time,*

14 *Inc.*, 158 Cal. App. 4th 847, 849 (2008).  The allegations of the ninth claim for

15 relief fail to meet these basic standards.

16 Plaintiff does not allege any violation of the UCL by Wells Fargo.  Plaintiff

17 predicates his UCL claim on the same allegations supporting the other claims for

18 relief included in the complaint.  (Comp. ¶ 94.)  However, as discussed above,

19 Plaintiff cannot state any viable claims against Wells Fargo based on such

20 allegations.  Therefore, such claims cannot provide a basis for the UCL claim.

21 *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060

22 (2005) (citations omitted) ("A defendant cannot be liable under § 17200 for

23 committing unlawful business practices without having violated another law");

24 *Slipak v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 131079, at *11-*12 (E.D. Cal.

25 Nov. 10, 2011) (Where UCL claim "is premised upon the same acts alleged in the

26 other claims in his complaint, all of which fail to state a claim… Plaintiff's section

27 17200 claim is dismissed" because "Plaintiff has not adequately alleged any

28 predicate unlawful, unfair, or fraudulent acts.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.**   **Plaintiff Lacks Standing To Allege A UCL Claim**

1 

2    Plaintiff also lacks standing to sue under the UCL unless (1) he has "suffered

3   injury in fact" and (2) "has lost money or property as a result of" the conduct he

4   challenges. *See, Kwikset Corp. v. Superior  Ct.*, 51 Cal. 4th 310, 322 (2011).  A

5   plaintiff fails to satisfy the causation prong if he would have suffered "the same

6   harm whether or not a defendant complied with the law." *Daro v. Superior Court*,

7   151 Cal. App. 4th 1079, 1099 (2007).  Here, Plaintiff fails to plead facts showing

8   that he suffered any injury or loss, let alone an injury or loss due to Wells Fargo's

9   alleged conduct in violation of the UCL.  (Comp. ¶ 95.)  Indeed, any injury and

10   loss would be caused by Plaintiff's financial hardship which resulted in his failure

11   to make the mortgage payments as promised.  (RJN, Exh. H.)  *See, Jenkins v. JP*

12   *Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013).  In *Jenkins,* the Court

13   held that the borrower did not have standing to bring a claim for violation of UCL

14   where the borrower alleged that the defendant's unfair business practices caused

15   her home to be subjected to foreclosure, and resulted in her incurring unspecified

16   monetary damages. *Id.* at 520.  *See also, DeLeon v. Wells Fargo Bank, N.A.*, 2011

17   U.S. Dist. LEXIS 8296, at *19-*22 (N.D. Cal. 2011) (Court held that the

18   borrowers did not state a claim for violation of UCL:  "The Court cannot

19   reasonably infer that Wells Fargo's alleged misrepresentations resulted in the loss

20   of Plaintiffs' home.  Rather, the facts alleged suggest that Plaintiffs lost their home

21   because they became unable to keep up with monthly payments and lacked the

22   financial resources to cure the default.").

23    Plaintiff merely pleads that Wells Fargo is the "direct and/or proximate

24   cause of the loss of [Plaintiff's] statutory and property rights afforded by the state

25   and federal government."  (Comp., ¶ 95.)  This is insufficient to plead the requisite

26   injury in fact or loss of money/property in order to establish standing and pursue

27   this claim.  Therefore, this claim should be dismissed.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

X.      **CONCLUSION**

In light of the pleading deficiencies identified above, leave to amend should be denied because it would be futile. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Court should grant the motion in its entirety and dismiss this action with prejudice.

Respectfully submitted,

Dated: January 13, 2015

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:   /s/ *Dean A. Reeves*
          Dean A. Reeves
          dreeves@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB, and GOLDEN WEST SAVINGS ASSOCIATION SERVICE, CO.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| *Counsel for Plaintiff:* | *Counsel for Defendant:* |
|---|---|
| *Jose Tony Deldagillo* | *RTS Pacific, Inc.* |
| | *[Courtesy Copy]* |
| Guy Frank M. Candelaria, Esq. | Melissa N. Armstrong, Esq. |
| THE FOREMOST LAW GROUP, APC | BUTLER & HOSCH, P.A. |
| 16580 Harbor Blvd., Suite K | 525 E. Main Street |
| Fountain Valley, California 92708 | El Cajon, California 92020 |
| Tel: 714.839.9838 | Tel: 619.569.1114 \| Fax: 407.381.5577 |
| | Email: |
| | Melissa.armstrong@butlerandhosch.com |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **January 13, 2015.**

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP